

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2005

# USA v. Gretzinger

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2793

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Gretzinger" (2005). *2005 Decisions.* Paper 1303.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1303

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 04-2793

UNITED STATES OF AMERICA,

v.

HARRY GRETZINGER;
DARLENE BAKKALI

Harry Gretzinger,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 98-cr-00324)
District Judge: Hon. William J. Nealon

No. 04-2833

UNITED STATES OF AMERICA,

v.

HARRY GRETZINGER,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 02-cr-00204)

District Judge: Hon. A. Richard Caputo

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2005

BEFORE: BARRY, AMBRO and COWEN, Circuit Judges

(Filed:   April 28, 2005)

---

OPINION

---

COWEN, Circuit Judge.

Harry Gretzinger appeals the District Court's order (Case No. 04-2793) accepting his plea of guilty to a bank fraud charge and imposing a sentence of thirty-months imprisonment.  He also appeals the District Court's order (Case No. # 04-2833) imposing a sentence of thirty-three months after the Court revoked his supervised release on a previous conviction and directing it to run consecutive to the thirty-month sentence imposed for the bank fraud that formed the basis for the revocation.  He argues that the District Court committed the following errors: (1) accepting his involuntary and unintelligent plea where the Government's factual basis was insufficient to support each element of the crime of bank fraud, (2) making his sentence for a supervised release violation consecutive with the offense giving rise to the violation and (3) imposing enhancements to his sentence.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have

2

jurisdiction pursuant to 28 U.S.C. § 1291. As we write solely for the parties, we only provide a brief recitation of the facts.

Gretzinger pled guilty to willfully and knowingly defrauding a trust company when Darlene Bakkali Linares, his domestic partner, deposited two credit card cash advances drawn on the account of an individual who did not authorize the use of the card. He was sentenced to a term of thirty months imprisonment, and supervised release for a period of five years. Because Gretzinger was on supervised release at the time he committed the crime, he had a violation hearing before the judge who had originally sentenced him. Finding that Gretzinger's violation of his supervised release was significant and similar to the original crime, the District Court sentenced him to a term of thirty-three months to run consecutive to his sentence for the bank fraud.

We review the District Court's finding of a factual basis for a plea for abuse of discretion. *United States v. Cefaratti*, 221 F.3d 502, 509 (3d Cir. 2000).[1] Gretzinger challenges the validity of his plea, arguing that it was involuntary and unintelligent. He contends that the Government failed to set forth sufficient facts to satisfy the false representation element required for a conviction under § 1344: "The proffer did not include any description of any false statement made to the bank and that the check itself cannot be a false representation." (Appellant's Br. at 7.)

---

[1] The Government contends that Gretzinger's failure to raise this issue before the District Court necessitates plain error review. We need not decide this issue, which is subject to some disagreement in the courts, in light of our disposition.

3

The federal bank statute makes it a crime to "knowingly . . . execute, or attempt to execute, a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." *United States v. Khorozian*, 333 F.3d 498, 503 (3d Cir. 2003) (explaining that the test must be read conjunctively).

The record establishes that during the plea colloquy the Court set forth each element of the offense. Further, the Government proffered that Gretzinger, directly or indirectly, made unauthorized use of the identity of Ronald Katner to attempt to gain access to Katner's bank accounts. This was done by presenting fraudulent and false credit card checks drawn on these accounts. The Government specifically stated that Katner "did not know and never authorized use of his credit card account for cash advance checks." (App. at 32.)

Based on this proffer, the District Court did not abuse its discretion by finding that the Government set forth a sufficient factual basis to support the "false or fraudulent pretenses, representations, or promises" element of the crime. Accordingly, we will affirm the District Court's conclusion and uphold the conviction.

Gretzinger also challenges his sentence under *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). In light of the determination of the judges in this Court that the sentencing issues raised are best determined by the District Court in the first instance,

we vacate the sentences and remand for resentencing in accordance with *Booker*. The District Court should consider the sentences imposed for the bank fraud in Case No. 04-2793 and for violation of supervised release in Case No. 04-2833. The Court should also consider whether the sentences should be consecutive or concurrent. We express no opinion as to what the sentences should be, or whether they should run consecutively or concurrently.

For the foregoing reasons, the judgments of the District Court entered on June 23, 2004, and June 28, 2004, will be affirmed as to the convictions. The sentences will be vacated and the matters remanded to the District Court for resentencing in accordance with *Booker*.

_____