

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# USA v. Gretzinger

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Gretzinger" (2006). *2006 Decisions*. Paper 47.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/47

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 05-4587 and 05-4616

———————

UNITED STATES OF AMERICA

v.

HARRY GRETZINGER,
Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Nos. 98-cr-00324-1 and 02-cr-00204)
District Judges: Honorable William J. Nealon, No. 98-cr-00324-1
and Honorable A. Richard Caputo, No. 02-cr-00204

———————

Submitted Under Third Circuit LAR 34.1(a)
November 27, 2006

Before: RENDELL and AMBRO, Circuit Judges,
and PRATTER*, District Judge.

(Filed: December 21, 2006)

———————

OPINION OF THE COURT

———————

* Honorable Gene E. K. Pratter, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

RENDELL, *Circuit Judge*.

Harry Gretzinger appeals his sentence for bank fraud and the parallel sentence by a separate judge for committing the crime while on supervised release. Gretzinger pled guilty to bank fraud and was sentenced to 30 months imprisonment. He was on supervised release when he committed the bank fraud and thus was subsequently sentenced by a separate judge to a prison term of 33 months for violating his release conditions. The 33 months were ordered to run consecutively with the 30 month sentence. Gretzinger appeals both sentences, claiming that the sentence for bank fraud was imposed on the basis of improper fact finding and that the order that the sentences run consecutively was an abuse of discretion.

Gretzinger's counsel filed two briefs pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the issues raised in Gretzinger's appeals are frivolous and requesting leave to withdraw. For the reasons set forth below we will affirm the sentencing orders and grant counsel's request to withdraw.

## I.

On February 23, 2004, pursuant to a written plea agreement, Gretzinger entered a guilty plea to the crime of willfully and knowingly defrauding the Pine Point Plaza Branch of the Mauch Chunk Trust Company. Judge Caputo of the Middle District of Pennsylvania sentenced the defendant to a prison term of 30 months.

At the time Gretzinger committed the bank fraud, he was on supervised release following an earlier bank fraud conviction. In 1999, Judge Nealon had sentenced Gretzinger to a 27-month prison term, five years supervised release, and restitution in the

amount of $18,218.22.  After Judge Caputo imposed the sentence for the 2004 bank fraud

conviction, Gretzinger came before Judge Nealon and Judge Nealon sentenced him to a

33 month prison term for violating the terms of his supervised release.  Judge Nealon

ordered that the prison term imposed for the violation of his supervised release run

consecutively with the prison term imposed for the 2004 bank fraud conviction.

Gretzinger appealed his conviction and both sentencing decisions to the Third

Circuit.  In April 2005, we affirmed the conviction but remanded the cases for re-

sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).  *United States v.

Gretzinger*, No. 04-2793, 2005 U.S. App. LEXIS 7371 (3d Cir. Apr. 28, 2005).  Judge

Caputo and Judge Nealon reconsidered their respective decisions and re-imposed the

prior sentences without change.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We exercise

jurisdiction over the sentencing orders pursuant to 28 U.S.C. § 1291 and over the final

sentence pursuant to 18 U.S.C. § 3742(a).

Gretzinger first alleges that Judge Caputo erred when he found facts to support the

sentencing enhancements under the Guidelines.  After the defendant pled guilty to bank

fraud, Judge Caputo sentenced the defendant to a 30 month prison term.  The applicable

guideline range used to determine this sentence was 27 to 33 months.  Under *Booker*,

judges may find facts in imposing sentences below the statutory maximum.  *See United

States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006) ("As before *Booker*, the standard of

3

proof under the guidelines for sentencing facts continues to be preponderance of the evidence."). Gretzinger's challenge to his sentence of 30 months lacks merit.

Next, Gretzinger contends that Judge Nealon abused his discretion when he ordered that the 33 month sentence imposed for violation of supervised release run consecutively with the 30 month prison term imposed by Judge Caputo. A district court has discretion to determine whether the violation for supervised release should run concurrently, partially concurrently, or consecutively with a sentence imposed for another crime. *See* 18 U.S.C. § 3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt."). Judge Nealon noted that the crime committed on supervised release was the same crime that led to Gretzinger's original conviction. There is an obvious and reasonable policy (albeit an advisory one when it comes in the form of a Guideline) that prison terms run consecutively where supervised release has been revoked. *See* U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."). Accordingly, Judge Nealon's order that the prison term imposed for violation of

4

supervised release run consecutively with the term imposed for 2004 bank fraud conviction was not an abuse of discretion and we will affirm it.

III.

Pursuant to Third Circuit Local Appellate Rule 109.2(a), if trial counsel reviews the district court record and "is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." Third Circuit L.A.R. 109.2(a). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Because the *Anders* briefs complied with the requirements and an independent review of the record did not present any non-frivolous issues, we will grant counsel's request to withdraw.

First, we are satisfied that counsel thoroughly examined the record for appealable issues and explained why the issues are frivolous. The *Anders* briefs submitted by Gretzinger's counsel established that counsel conscientiously examined the record. He discussed the record and proceedings, explained how the court determined the imposed sentences, and referenced the applicable case law. *See United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). In addition, Gretzinger's counsel explained that he believed the trial courts' actions were within the courts' discretion and therefore did not believe the appeals raised any meritorious claims. We are "satisfied that counsel adequately

5

attempted to uncover the best arguments" for his client. *Id.* at 781.

Second, this Court's independent review of the record and caselaw did not reveal any non-frivolous issues. We review sentences for reasonableness, and the imposition of a consecutive sentence was eminently reasonable. Nor was there any issue with the fact-finding performed by Judge Caputo in imposing a sentence below the statutory maximum.

IV.

For the reasons stated above we will affirm the sentencing orders of the District Court and grant counsel's request to withdraw.